# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-1389V
UNPUBLISHED

| | |
|---|---|
| JEROME DACURAWAT, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: September 13, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| Respondent. | |

*Mark Peyser Friedlander, Jr.*, Friedlander & Friedlander, P.C., McLean, VA, for Petitioner.

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On May 24, 2021, Jerome Dacurawat filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – Guillain-Barre Syndrome (GBS) – as a result of his January 25, 2020 influneza ("flu") vaccination. Petition at 1. Petitioner further alleges that that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition ¶¶ 12-13.

On September 12, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates as follows:

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Medical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services, have reviewed the petition and medical records filed in this case. It is respondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for GBS, with onset of symptoms from three to forty-two days following flu vaccination and:

> (A) Bilateral flaccid limb weakness and decreased or absent deep tendon reflexes in weak limbs; (B) A monophasic illness pattern; (C) An interval between onset and nadir of weakness between 12 hours and 28 days; (D) Subsequent clinical plateau (the clinical plateau leads to either stabilization at the nadir of symptoms, or subsequent improvement without significant relapse; however, death may occur without a clinical plateau); and, (E) The absence of an identified more likely alternative diagnosis.

*Id.* at 4-5 (citing 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15)). Respondent further agrees that

> [wi]th respect to other statutory and jurisdictional issues, the records show that the case was timely filed, the vaccine was received in the United States, and petitioner satisfies the statutory severity requirement because the residual effects or complications of his injury continued for more than six months after vaccine administration.

*Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master