# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1389V
(not to be published)

| | |
|---|---|
| JEROME DACURAWAT,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 31, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Mark Peyser Friedlander, Jr.*, Friedlander & Friedlander, P.C., McLean, VA, for Petitioner.

*Jennifer A. Shah* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 24, 2021, Jerome Dacurawat filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome as a result of an influenza vaccination administered on January 25, 2020. Petition at 1. On February 21, 2023, a decision was issued awarding compensation to Petitioner, based on Respondent's proffer. ECF No. 45.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $14,728.10 (representing $14,293.75 for fees and $434.35 in costs). Motion for Attorneys' Fees, filed April 3, 2023, ECF No. 52. In accordance with General Order No.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

9, Petitioner's counsel represented by email communication that Petitioner incurred no out-of-pocket expenses. *See* Informal Remark, dated May 30, 2023.

Respondent reacted to the motion on April 17, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 53. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

Although Petitioner has not provided supporting documentation for all claimed attorney costs, it is clear that the $402 filing fee was paid. The remaining unsubstantiated costs consist of $26.35 paid for postage and $6.00 for records from a prior firm. ECF No. 52-1 at 1. I will nevertheless allow reimbursement of these unsubstantiated costs, noting that Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$14,728.10 (representing $14,293.75 in fees and $434.35 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.